# Brantley *v.* Southern Life Insurance Company.

*Action on Promissory Note.*

1. *Deposition; objection to, when too late.*—Under the provisions of ¿ 2728 of the Revised Code, an objection to the entire deposition comes too late, if made after entering on the trial.

2. *Powers of attorney; how construed.*—Powers of attorney are, ordinarily, subjected to a strict construction, and, like other contracts, must be read in the light of surrounding circumstances. In order to arrive at the intention ot the parties, and to interpret the scope and meaning of the power, the court may receive evidence as to the relative position of the parties, their obvious design as to the objects to be accomplished, and the nature of the business or transaction in which the principal was engaged, when the power of attorney relates to that.

3. *Same; purpose of; what evidence admissible to show.*—Where the attorney was authorized to sign the principal's name in the general transactions of his business, and given "full power and authority to do and perform every act or thing whatever requisite to be done in the general transaction" of the principal's business, &c., the principal, in order to show that the attorney was not authorized to execute a note, in settlement of a claim against the principal as surety on the bond of an insurance agent (of the breach of which the principal was not informed), may prove that his sole business was that of a farmer, who rented his lands, and had made the attorney his agent for that purpose; and that the power was executed in view of a temporary absence from the State, during which he had requested the attorney to look after his business.

APPEAL from Circuit Court of. Dallas.

Tried before Hon. GEORGE H. CRAIG.

The Southern Insurance Company brought this action against the appellant, and one G. B. Burns, as makers of a promissory note, of which the following is a copy:

" $1,000. Twelve months after date, we, or either of us, promise to pay to the Southern Insurance Company, or bearer, one thousand dollars, for value received, with interest from date, at 8 per cent.

W. P. WEST,

"Selma, Ala., June 4th, 1870.      G. B. BURNS,

H. S. BRANTLEY."

Brantley interposed a sworn plea of *non est factum,* and a trial as to him was had on that issue. Suit was discontinued as to Burns, who was not served. On the trial, the plaintiff introduced a witness, one Berry, who testified that he signed the name of Brantley to the note sued on; that he signed

[Brantley v. So. Life Ins. Co.]

said note under a power of attorney, which gave him "power to sign the name, and do and perform all and every act and thing whatever, requisite and necessary to be done in the general transaction of the business" of appellant. The evidence showed that Brantley was surety on a bond given by his co-makers of the note, as agents of the appellee; that while he was absent from the State, and ignorant of any breach of the bond (leaving Berry under the above power of attorney, in charge of his business), Berry made a settlement with appellee, in which the note sued on was given, and the bond on which Brantley was surety was cancelled, and returned to Berry. Defendant then asked witness in what business Brantley was engaged at the date of the note. Witness answered, that Brantley was a farmer, and had no other business. "To this question, to the testimony called for, and to the answer given, plaintiff objected; but the court overruled the objection, and permitted the answer to go to the jury." Plaintiff then offered in evidence the depositions ot Nelson and May, the president and secretary of the plaintiff. To the deposition of May defendant objected, on the ground that it was not the answer of May, he having adopted the answer of Nelson as his own. This objection was overruled by the court, and the depositions admitted in evidence. The depositions showed the same state of facts as testified to by Berry.

This was all the evidence. The court charged the jury, "that if they believed Brantley's name was signed to the note sued on in this case, and offered in evidence, by the witness Berry, under and by virtue of the power of attorney; that such power of attorney was a general one, and under it Berry was authorized to sign Brantley's name to the note, and that the defendant Brantley was as much bound by the signature as if he had signed with his own hand." To this charge the defendant duly excepted.

The admission of May's deposition, and the charge given, are now assigned as error.

SUMTER LEA, for appellant.—The deposition of May should have been excluded, because his answers were not taken down, as near as may be, in the language of the witness (R. C., § 2730); because it was not the deposition of May at all, but the deposition of Nelson. May was not allowed to adopt the answers of Nelson, under the law regulating the taking of depositions. The power of attorney was a general power of a farmer, about to leave the State temporarily, to an agent to look after his business generally. It did not au-

[Brantley *v.* So. Life Ins. Co.]

thorize the agent to settle such a matter as the one testified about by Berry and Nelson. It did not authorize the agent to attend to any but his general business, which was that of a farmer. *Scarborough* v. *Reynolds*, 12 Ala. 252, and cases there cited. *Powell's Adm'r* v. *Henry*, 27 Ala. 614; Story on Agency, (3d Ed.) chap. 2, § 21.

W. C. WARD, *contra.*—The power of attorney was as general as language could be found to make it; and it in terms substituted the agent for the principal, in all matters wherein the principal himself could act. There is nothing on its face to show that the agent, in the exercise of his authority, was to be restricted to any particular trade, occupation, or profession. There was no latent ambiguity in the power, to authorize the court to admit parol proof to explain it. There was no error in the admission of the deposition of May. The motion to exclude should have been made before the trial began. R. C., § 2728; *May's Heirs* v. *May's Adm'r*, 28 Ala. 141.

BRICKELL. C. J.—The statute requires an objection to the admissibility of an entire deposition in evidence to be made before, and not after, entering on the trial. R. C. § 2728. The objection to the deposition of May was of this character, and came too late when made on the trial. If the objection had been more specific, and directed attention to the insufficiency or defectiveness of the answers, independent of the statute, the deposition should not have been suppressed on the trial. *Spence* v. *Mitchell*, 9 Ala. 744: *Wall* v. *Williams*, 11 Ala. 826.

All contracts must be read in the light of surrounding circumstances. The occasion which gave rise to them, the relative position of the parties, and their obvious design as to the objects to be accomplished, must be looked at, in order to arrive at their true meaning, and to enable the court to carry out the intention of the parties. *Pollard* v. *Maddox*, 28 Ala. 325. The letter of attorney, introduced as evidence of Berry's authority to make the note on which the suit is founded, in the name of appellant, is very broad and general in its terms. Standing without explanation of the nature and character of the usual and general business of appellant, and of the circumstances under which the letter was executed, it would be impossible to limit the authority of the agent, or to give it any definite application. There is scarcely a conceivable transaction, lying within the scope of lawful delegation of authority, into which the agent could

[Brantley *v*. So. Life Ins. Co.]

not enter, and bind the principal. The operative words of the grant of authority are, "to sign my name in the general transaction of my business, giving and granting unto my said attorney full power and authority to do and perform all and every act or thing whatever, requisite and necessary to be done in the general transaction of my business," &c. Powers of attorney are, ordinarily, subjected to a strict construction; or, rather, the authority given is not extended beyond the meaning of the terms in which it is expressed. A distinction is carefully observed, between such powers, and other powers created by deed or will, for the accomplishment of particular purposes. The purpose to be accomplished is more regarded in the latter, than in the former class of powers, and a more liberal interpretation of the words creating the powers is allowed. Story on Agency, § 67 (*n*. 2). In a power of attorney, words, however general, must be construed and limited in subordination to the subject matter. Thus, a general power to draw or indorse promissory notes will not authorize the drawing or indorsing of promissory notes for the mere accommodation of third persons. The authority must be confined and limited to the drawing and indorsing of promissory notes, in matters of business in which the principal has a direct and immediate interest. *Wallace* v. *Br. Bank Mobile*, 1 Ala. 571. A physician, being about to remove from the State, left his books and accounts for professional services with a friend *for settlement*, giving him general authority *to transact all his business in this State*. The agent had not authority to assign the accounts, for the indemnity of a surety of the principal. *Wood* v. *McCain*, 7 Ala. 800. In *Scarborough* v. *Reynolds*, 12 Ala. 252, a general authority to transact business was limited to the management and control of a plantation, and declared not to authorize the adjustment of other concerns of the principal.

The circuit court properly received evidence that the principal, at the execution of the power, had no other occupation or pursuit than that of a farmer, cultivating and renting his lands, and that it was executed in view of a contemplated temporary absence from the State. This evidence was proper, to enable the court to determine the scope of the agency, and to ascertain whether the act in question was within the power conferred. The general expressions of the power must be restrained to the principal business of the party; for it is this which is presumed to have been, and doubtless was, within his contemplation, and which he was willing to submit to the agent. A merchant, about going

[Ellison v. Mayor of Mobile.]

abroad temporarily, delegated to an agent full and entire authority to sell any of his personal property, or to buy any property for him, or on his account, or to make any contracts, and also to do any acts whatsoever, which he could, if personally present; this general language would be construed to apply only to buying or selling connected with his ordinary business as a merchant. Story on Agency, § 21. So, this power must be restrained and limited to the ordinary, general business of the principal in the cultivation and renting of his lands, and the duties and transactions it involved. It cannot fairly and properly be extended to other concerns of the principal, which cannot be presumed to have been within his contemplation, and may have required an agent of another character and qualifications to transact.

When the power was executed, the principal was surety of West and Burns, agents of appellees, on a penal bond, with condition for their faithful performance of the agency. If a breach of the bond had then occurred, and any liability rested on the principal, he was not informed of it; and of course, an adjustment of such breach, and a change of the character and form of his liability, with an extension of the time of payment to his principals, was not within his contemplation. These matters were distinct and separate from his general and ordinary business, to which his attention was directed, and in reference to which he was delegating authority. The power did not authorize the agent to adjust them, and to make the note on which the suit is founded. The circuit court erred in charging otherwise. Whether the facts disclose a recognition, and acquiescence in the act of the agent, imparting to it validity, is not a question presented for our consideration.

The jugdment is reversed, and the cause remanded.