# Daughdrill *v.* Lockhart.

### *Bill to Enforce Vendor's Lien.*

(Decided April 17, 1913. Rehearing denied May 8, 1913. 61 South. 802.)

1. *Equity; Submission; Pleadings As Evidence.*—Where the complainant submitted on the bill and the admissions contained in the answer, and in the answers to interrogatories propounded by the bill, respondent was entitled to have the entire answer introduced in evidence.

2. *Vendor and Purchaser; Cash; Purchase Price; Unpaid Balance; Burden.*—Where a testatrix sold and conveyed land by deed reciting that in consideration of the assumption by the grantee of a mortgage indebtedness, and $1,800, "to the grantor in hand paid by the grantee" the deed indicated a cash transaction, and in a suit to fix the vendor's lien on the land as to the $1,800, the burden was on complainant to prove that the same was not paid, and that the transaction was in fact a sale on credit.

3. *Deeds; Delivery; Date; Presumptions.*—In the absence of evidence showing the actual date of the delivery of the deed, the legal presumption is that it was delivered on the day of its date and acknowledgment.

APPEAL from Perry Chancery Court.

Heard before Hon. THOMAS H. SMITH.

Bill by T. T. Daughdrill as executor, etc., against J. E. Lockhart to enforce a vendor's lien. Decree for respondent and complainant appeals. Affirmed.

CLIFTON C. JOHNSON, for appellant. The admissions of the answer would be considered by the court without

any formal offer by complainant.—*McGhee v. Lehman,* 65 Ala. 316; *Thorington v. City Council,* 88 Ala. 551. The mere fact that plaintiff called the attention of the court to the admissions in the answer did not authorize respondent to offer the answer as a whole.—*Marks v. Cowles,* 61 Ala. 299; *Buchanan v. Buchanan,* 72 Ala. 55; sec. 3096, Code 1907. The defense set up by the answer was affirmative—that of payment—and the burden of proof was on the respondent.—*Wolff v. Nall,* 62 Ala. 24; *Lehman v. McQueen,* 65 Ala. 570; *Holmes v. State,* 100 Ala. 291. The prima facie date of execution and delivery is that shown in the deed in the absence of evidence showing to the contrary.—*Williams v. Armstrong,* 130 Ala. 389; *Fitzpatrick v. Brigman,* 130 Ala. 450. Therefore, the deed would be evidence of payment only at or prior to that time.—Enc. of Evid. p. 925; *Neal v. Boggan,* 97 Ala. 611; *Blackshear v. Burke,* 74 Ala. 239.

W. M. FOWLKES, and PETTUS, FULLER & LAPSLEY, for appellee. Where a case is heard on the bill and answer alone, the answer must be taken as true.—*Latham v. Staples,* 46 Ala. 462; *Winters' Case,* 83 Ala. 589; *Scott v. Brassell,* 132 Ala. 663. When so taken the complainant failed to support his bill, and the chancellor properly dismissed it.

DE GRAFFENRIED, J.—We will treat this proceeding as a submission by a complainant of his cause for final decree upon the bill of complaint and the answer to the bill of complaint. The complainant in his bill of complaint waived answer under oath, and the answer was not sworn to. The complainant submitted his cause upon his bill and the following testimony, viz.: "The admissions contained in the answers of the re-

spondent to the bill of complaint and his admissions contained in his answers to interrogatories propounded in the bill of complaint and incorporated in said answers as a part thereof." The respondent thereupon, against the objection of the complainant, offered the entire answer which had been filed by him in the cause as evidence in the cause. "The answers of the defendants are but the confessions of the defendants. If the complainants choose to rely upon these confessions, they must be taken, as other confessions, altogether as a whole."—*Crawford v. Kirksey*, 50 Ala. 590. If the complainant saw proper to avail himself of a part of what the respondent said in his answer, and to introduce that part as evidence in his behalf, certainly the respondent was entitled. to have his entire answer introduced in evidence. It is a familiar proposition that when a party to a controversy introduces in evidence a part of a statement of his adversary, then the party against whom such part of the statement is introduced is entitled to introduce all of such statement. Otherwise a statement which, when taken and considered as a whole, was altogether harmless or unhelpful to the party making it might be so garbled and twisted out of its true meaning as to render it dangerous and hurtful. The rules of practice of all courts are intended to be perfectly fair to all parties.

1. The complainant in his bill alleges that the respondent purchased from his testatrix a certain tract of land in Perry county, Ala., that respondent, as a part of the purchase money, assumed to pay, and afterwards did pay, a certain mortgage indebtedness then existing on the said land, and that, in addition to said mortgage indebtedness, he was to pay to his said testatrix the sum of $1,800 in cash. The bill of complaint has attached to it a copy of the deed which was made

by the complainant's testatrix to the respondent. In the deed the complainant's testatrix is described as a widow residing in Perry county, Ala., and the respondent is described as a resident of Pontotoc county, Miss. The deed recites that in consideration of the assumption of said mortgage indebtedness by the grantee, "as well as the sum of one thousand, eight hundred dollars to the grantor in hand paid by the grantee," the said grantor grants, bargains, sells, and conveys the said land to the said grantee. The deed, therefore, shows that the transaction had between the complainant's testatrix and the respondent was a cash transaction.

The complainant in his bill of complaint does indeed allege that the said $1,800 was never paid by the respondent to the complainant's testatrix, but this allegation of the bill of complaint does not shift, in this case and in this transaction, the burden of proof from the complainant to the respondent to show that said sum had not, in fact, been paid by the respondent to complainant's intestate. This transaction between complainant's testatrix and respondent was a cash transaction, and there is nothing surrounding the transaction itself indicating that the lands were sold on credit, or that any credit was in fact extended. The complainant in his bill of complaint alleges that the sale of the land by his testatrix was not what it professed to be viz., a cash sale; and, as he makes this allegation, the law casts upon him the burden of showing that the sale was not a sale for cash, but a sale on credit.

In *Cook v. Malone*, 128 Ala. 662, 29 South. 653, defendants brought a cross-action for the price of six bales of cotton. The court instructed the jury that the burden of proof was on the defendants (cross-plaintiffs) to show that plaintiffs (cross-defendants) had bought the cotton and had not paid for it. This

court said: "It is here insisted for defendants that the charge violated the rule stated generally in 3 Brick. Dig. 698, §§ 1, 2, and applied to a cross-action of set-off in *Snodgrass v. Caldwell,* 90 Ala. 319, 7 South. 834, which subjects the party relying on the defense of payment to the burden of proof. That rule is applicable only where the issue is whether an indebtedness assumed to have been in existence has been discharged by payment. In this case the payment the plaintiff sought to prove was not of a debt, but was one occurring in the consummation of a cash purchase. A sale wherein no credit is either expressly or impliedly given, but which is strictly for cash, is not consummated until the consideration is paid.—1 Benj. on Sales, § 335 et seq.; *Shines v. Steiner,* 76 Ala. 458; *Blackshear v. Burke,* 74 Ala. 239. In such a sale payment concurs with the passing of ownership in the property, so that no indebtedness for the price can intervene."—*Pollak v. Winter,* 173 Ala. 550, 55 South. 828.

2. The deed, a copy of which is attached to the bill of complaint, recites that the grantor resided in Perry county, Ala., and the grantee in Pontotoc county, Miss. The deed is dated January 8, 1907, and was acknowledged by the grantee on that date. Unless there is evidence tending to show the actual date of delivery, the law presumes that a deed was delivered on the day of its date and acknowledgment.—*Williams v. Armstrong,* 130 Ala. 389, 30 South. 553. This presumption is merely a legal one and is, as stated, only indulged in the absence of evidence tending to show the actual date of the delivery. The law also presumes that in a cash sale of land the purchase money was paid when the deed was actually delivered; i. e., when the title to the land passed from the grantor to the grantee.—*Cook v. Malone, supra.* We can, therefore, see nothing which is help-

[Daughdrill v. Lockhart.]

ful to complainant in the statement in the respondent's answer—made in response to an interrogatory contained in the bill of complaint calling upon the respondent to disclose when and how he paid the $1,800—that the money was paid by a check dated January 11, 1907, drawn by respondent on a certain bank in Pototoc, Miss., and which check was paid by said bank.

In construing pleadings we must do so in the light of human experience and in the ordinary knowledge of business transactions, and we can find nothing in the defendant's above statement or in any other part of his answer indicating that his transaction with the complainant's intestate was not, even to its very letter, what it purported to be, a cash transaction.

The answer of the respondent, when fairly construed, was a distinct and positive traverse of the material allegations of the bill of complaint, and as the complainant offered no evidence to sustain the allegations of his bill of complaint, the chancellor properly dismissed the complainant's bill of complaint.—*Winter's Case,* 83 Ala. 589, 3 South. 235.

The decree of the court below is affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.