166 So. 430

## DILLARD v. GILL.

### 8 Div. 709.

Supreme Court of Alabama.

March 5, 1936.

Taylor, Richardson & Sparkman, of Huntsville, for appellant.

Brickell & Johnston, Walter J. Price, and Chas. E. Shaver, all of Huntsville, for appellee.

BROWN, Justice.

This is a bill, filed by one of the distributees of the estate of John V. Gill Dillard, deceased, against Charles G. Dillard, individually and as the administrator of the estate of said John V. Gill Dillard, to remove the administration of the estate from the probate court of Madison county to the circuit court of said county, sitting in equity, and to set aside and cancel certain conveyances of real property, and transfers of personalty of said John V. Gill Dillard, executed by Charles G. Dillard, the respondent, to himself, under power of attorney executed by the said John V. Gill Dillard, "to do all things (in the name of the donor) necessary and needful in the transaction of any and all of my business, to receive money for me and in my name to execute receipts for the same, to sign agreements, contracts, notes, stock, transfers and any and all other instruments necessary to be executed in the full and complete performance of any and all duties connected with my business, it being my intention hereby to give him full and complete authority to do any and all things that I might do in the transaction of all my business affairs."

The other distributees of the estate were joined as parties defendant.

The bill was verified by the oath of the complainant, and on its filing and presentation to the circuit court, an order was made removing the administration of the estate into said court.

The defendants, other than Charles G. Dillard as administrator and individually, appeared and filed an answer admitting the averments of the bill.

Dillard, as administrator and individually, separately, interposed demurrers to the bill, assigning as grounds, that it is without equity, is multifarious, and misjoinder of parties, in that said defendants, distributees of the estate, are neither proper nor necessary parties. These demurrers were overruled.

The sixth paragraph of the bill alleges, "that the defendant, Charles G. Dillard, who was the husband of said John V. Gill Dillard, deceased, acting under the purported power contained in a certain instrument (the substance of which we have heretofore stated) * * * did, on to-wit: the 12th day of September, 1934, two days before the death of said John V. Gill Dillard, and at a time when the said John V. Gill Dillard was unconscious and lying at the point of death, which fact was known to said Charles G. Dillard, made and executed to himself, certain purported conveyances of all of the real property belonging to said John V. Gill Dillard, deceased, and of practically all her personal property," describing it.

The seventh paragraph alleges "that said purported power of attorney did not and does not confer upon the said Charles G. Dillard the right of the power to make and execute said purported conveyances or if the said power is sufficient to confer upon him the power and right to make and execute said purported conveyances, that the same were executed by him * * * at a time and under circumstances which show that the attempted exercise of such power was a fraud committed upon the said John V. Gill Dillard, deceased, this complainant and the other defendants, and

664

that the same were withheld from record," etc:

The bill did not require a sworn answer, but expressly waived oath thereto.

Dillard answered, individually and as administrator, admitting the averments of the bill as to the residence, age, and right of the complainant and the other respondents as distributees of the estate, and further "answering the sixth and seventh paragraphs of the complainant's bill of complaint, these defendants say that the defendant Charles G. Dillard, who was the husband of John V. Gill Dillard, did execute to himself a conveyance of all of the real property belonging to the said John V. Gill Dillard, and those items of personal property enumerated in said paragraph (sixth), and that said conveyances were executed under a power of attorney which the said John V. Gill Dillard had several months prior thereto executed to him for the purpose of transacting her business affairs, *and that said conveyances were executed in keeping with the wishes, instructions and directions of the said John V. Gill Dillard. Said John V. Gill Dillard had stated on numerous occasions a wish that all of her property be conveyed to the defendant, Charles G. Dillard, and that in the event of her death she did not want any part of her estate to go to the complainant, or to the other named defendants, and that said conveyances were executed for the purpose of conveying her property as she wished and not for the purpose of committing a fraud upon the said John V. Gill Dillard, the complainant or other named defendants.*" (Italics supplied.)

The answer was not verified by oath.

The defendant Dillard, as administrator and individually, amended his answer by incorporating therein a demurrer to that part of the seventh paragraph of the bill which avers "that said purported power of attorney did not and does not confer upon the said Charles G. Dillard the right or the power to make and execute said purported conveyances," assigning as grounds that the averment is a conclusion of the pleader; that the power of attorney which is incorporated in the bill as Exhibit A shows on its face that it did confer the power to execute said conveyances; that said power of attorney does not show, as a matter of law, that it did not confer such power.

The cause was submitted by agreement of the parties on the bill and answer, including the demurrers incorporated therein, for final decree.

The court overruled the demurrer, and entered a decree canceling said conveyances and transfers, and requiring Dillard as administrator to account for the property therein mentioned as assets of the estate.

The appeal is from the last-mentioned decree, and assignments of error are predicated on the interlocutory decree overruling the first demurrer to the bill and also overruling the demurrer incorporated in the answer, and that part of the decree canceling said transfers.

■■ The administration of said estate is a single and continuous proceeding, and the cancellation of said conveyances and transfers, if they are subject to cancellation, is a mere incident to the due administration of the estate by removing obstacles clouding the title to property constituting assets subject to administration. The objections that the bill is without equity, and that it is multifarious are without merit. Code 1923, § 6478; Baker, Adm'r, v. Mitchell et al., 109 Ala. 490, 20 So. 40; Sewell et al. v. Sewell, 207 Ala. 239, 92 So. 475; Dent et al. v. Foy et al., 204 Ala. 404, 85 So. 709.

■ The objection that there is a misjoinder of parties defendant cannot be made, except by those who are so improperly made parties. The other defendants who are properly joined cannot object. However, the other heirs and distributees were proper, if not necessary parties. Curry v. Leonard, 186 Ala. 666, 65 So. 362.

The statute, section 6548, Code 1923, provides: "When the case is heard on bill and answer without testimony, the answer must be taken to be true, so far as it is responsive to the allegations of the bill, *except in those cases where the complainant has waived the oath of the defendant to the answer.*" (Italics supplied.)

■ The application of this statute made in Buchanan v. Buchanan, 72 Ala. 55, was that on submission on bill and answer, without proof, if the bill waives oath to the answer, the only matters that can be considered are the averments of the bill and exhibits admitted by the answer to be true. If the averments of the bill thus admitted entitle the complainant to relief, it will be granted. Bromberg v. Hoffman et

al., 207 Ala. 144, 92 So. 114. If, on the other hand, the averments admitted do not entitle the complainant to the relief prayed, it will be denied and the bill dismissed. Curry v. Leonard, 186 Ala. 666, 65 So. 362.

■ On such submission affirmative matters of defense, in avoidance of the admissions in the answer, are not available to the defendant to defeat the bill. See Buchanan v. Buchanan, supra.

■ If oath to the answer is not waived, and the cause is submitted on the bill and sworn answer, the averments of the answer, in so far as they are responsive to the averments of the bill, are taken as true. Wynn v. Rosette, 66 Ala. 517; Martin v. Consolidated Cone Co., 216 Ala. 551, 114 So. 37.

We are not here concerned with the effect of the answer being noted as evidence in the case, a question dealt with in Griffith et al. v. First Nat. Bank of Guntersville, 224 Ala. 296, 140 So. 359.

While it is permissible to include the pleadings in the note of testimony, it is not necessary, and unless the party so noting them intends to make them evidence, the better practice is to omit them from the note of testimony. Sellers v. Farmer, 147 Ala. 446, 41 So. 291; Conner v. State ex rel. Perry, Deputy Solicitor, 212 Ala. 360, 102 So. 809; Daughdrill v. Lockhart, 181 Ala. 338, 61 So. 802. We do not wish to be understood as reaffirming the holding in the last-cited case, that the inclusion in the note of testimony by the complainant of admissions in the answer makes the whole of the answer evidence. Quære?

■ Where, as in the case at bar, the submission is on bill and answer under section 6548 of the Code, a note of testimony is not necessary for the parties to avail themselves of admissions of record appearing on the face of the pleadings.

The right of the parties, considered in the light of the foregoing rules of practice and procedure in equity cases, turns upon the construction of the power granted by Mrs. Dillard to her husband, the respondent, in the power of attorney, without regard to the circumstances stated in the italicized averments of the answer—matters of affirmative defense.

■ It is the established rule that powers of attorneys will be given strict construction, restricting the powers to those expressly granted, and such incidental powers as are essential to carry into effect the expressed powers. Lippman v. First National Bank of Anniston, 120 Ala. 123, 24 So. 581, 74 Am.St.Rep. 28; Miller v. Louisville & Nashville Railroad Co., 83 Ala. 274, 4 So. 842, 3 Am.St.Rep. 722; Wimberly et al. v. Windham, 104 Ala. 409, 16 So. 23, 53 Am.St.Rep. 70; Wallace v. Branch Bank at Mobile, 1 Ala. 565; Brantley v. Southern Life Insurance Company, 53 Ala. 554; 21 R.C.L. page 881, § 54; Clinton v. Hibbs' Executrix, 202 Ky. 304, 259 S.W. 356, 35 A.L.R. 462; Clifford v. Armstrong et al., 176 Ala. 441, 58 So. 430; Burke v. Taylor, 94 Ala. 530, 10 So. 129; Moseley v. Ritter et al., 226 Ala. 673, 148 So. 139; Clay v. Cummins, 201 Ala. 34, 77 So. 328.

■ To authorize a conveyance of real estate, a power of attorney must be plain in its terms. Where such power is specifically conferred, it does not authorize a conveyance by the donee to himself, unless such power is expressly granted. It will not be implied. Miller v. Louisville & Nashville Railroad Co., 83 Ala. 274, 4 So. 842, 3 Am.St.Rep. 722; 2 C.J. page 700, § 358; 21 R.C.L. page 884, § 57.

■ The conclusion, therefore, is inescapable that the conveyances and transfers attacked by the bill were not within the scope of the power granted by Mrs. Dillard to her husband. If she had intended to invest him with the title to the property, she no doubt would have executed such conveyances herself, at the time she executed the power of attorney. If it had been her purpose to give it to him at her death and deprive her heirs of the right to participate in her estate, she could have accomplished this purpose by executing a will, which she was competent to do, so far as appears, at the time the power of attorney was signed. The clear intent of the donor of the power manifested by the execution of the power of attorney was to retain the title and authorize the donee of the power to act for her and protect and preserve such interest.

The rulings of the trial court are in accord with the views expressed in this opinion, and the decree will be affirmed. It is so ordered by the court.

Affirmed.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.