·54 So.2d 775

**THOMPSON v. EVANS et al.**

1 Div. 408.

Supreme Court of Alabama.

Nov. 1, 1951.

Alex T. Howard, Mobile, for appellant.

Gordon & Gordon, Mobile, for appellees.

LIVINGSTON, Chief Justice.

The sole question presented for review is whether a properly executed power of attorney to sign all "appearance bonds", includes the power, or confers the authority on the attorney in fact, to sign a bond or undertaking given by one on whom a writ of *ne exeat* is served.

In 1942 the Circuit Court, in Equity, of Mobile County, Alabama, entered a decree granting Vonceil Thompson a divorce from the bed and board of George H. Thompson, and awarded her $25.00 per week for the separate maintenance of herself and children.

On the 14th day of August 1947, pursuant to an order of court, the Register of the court issued a writ of *ne exeat* directing the Sheriff of Mobile County to arrest the said George H. Thompson and hold him until he executed bail in the sum of $500.00, conditioned as hereinbelow set out. George

H. Thompson was arrested under the writ and was discharged upon given bond, and which bond is the subject-matter of this particular proceeding. One E. J. Green signed the names of the appellees C. V. Evans and T. J. Geary to the bond, adding underneath the signatures the words "E. J. Green, Atty in Fact."

On October 29, 1949, Vonceil Thompson petitioned the court to cause the Register to issue a rule directed to Evans and Geary requiring them to show cause why said bond should not be forfeited, and why they should not pay into court, for movant and her children, the sum of $400.00 which was alleged to be past due.

Evans and Geary, in answer to the rule, alleged that they never executed a bond, in their own names, as described in the petition, nor did they authorize anyone else to execute such a bond in their names.

After a hearing *ore tenus,* the trial court entered an order or decree discharging and relieving Evans and Geary from all liability on the bond. The court stated in its decree that "the names of C. V. Evans and T. J. Geary were signed to said bond without their authority."

The pertinent condition in the bond in question is as follows: "Now, Therefore, if the said George H. Thompson will not go beyond the boundaries of this State without the consent of this Court, and will faithfully keep and perform all orders and decrees lawfully rendered by the Circuit Court of Mobile County, Alabama, sitting in Equity, in that certain suit of Voncile Thompson vs. George H. Thompson, numbered 16255 on the Equity docket of the Circuit Court of Mobile County, Alabama, and shall cause his appearance to be entered in said suit, continue such appearance and render himself amenable to the orders and processes of said Court, and to such processes as shall be issued to compel the performance of the final decree which may be rendered in this cause, and to appear before said Court when required, then this obligation to be void; otherwise, to remain in full force and effect."

To support Green's authority to bind Evans and Geary, appellant relies on powers of attorney, dated December 17, 1946, as follows:

"Constituting E. J. Green, resident of the City of Prichard, Alabama, to do and to perform the acts for me on my own behalf the same as if I had performed them in my own proper person, to-wit:

"To sign my name in my own proper person, or my name by my said attorney-in-fact, to all appearance and appeal bonds to any of the following courts:

"Prichard Recorder's Court, Mobile Recorder's Court and the Mobile County Circuit Court."

The question is, did the powers of attorney, executed by Evans and Geary, authorize Green to sign the names of Evans and Geary, as sureties, to a bond given by George H. Thompson on whom a writ of *ne exeat* had been served? The trial court answered the question in the negative and we agree with that holding.

■ The authority granted Green by the powers of attorney was expressly limited to signing appearance and appeal bonds. It is a well established rule that powers of attorney are to be strictly construed, limiting the grant of authority of the agent to powers expressly granted, and those which are impliedly granted to effectuate the purpose of the express powers. Dillard v. Gill, 231 Ala. 662, 166 So. 430; Clay v. Cummins, 201 Ala. 34, 77 So. 328; Lippman v. First National Bank of Anniston, 120 Ala. 123, 24 So. 581.

■ From the record before us we entertain no doubt but that the appearance bonds contemplated by the powers of attorneys are criminal bail bonds. In Morris v. State, 35 Ala.App. 192, 45 So.2d 318, 320, certiorari denied 253 Ala. 497, 45 So.2d 322, it was said:

"The authorities treat the distinction between civil and criminal bail. It is said: 'The object of bail in civil cases is either directly or indirectly to secure the payment of a debt or other civil duty, while the object of bail in criminal cases is to secure the appearance of the principal before the court for the purpose of public justice.' 6 Am. Jur., Bail and Recognizance, Sec. 3, p. 48.

"It is clear that the bail of instant concern comes under the latter classification and is, in effect, an appearance bond."

 A writ of *ne exeat* is an ancient English Chancery writ, and is still a part of our equity jurisdiction, though its use has not been frequent. See Title 7, §§ 301 and 309. Also Equity Rules 22 and 78, Code 1940, Tit. 7 Appendix. The purpose of the writ is to insure compliance with orders and decrees of courts of equity and to restrain the respondent, in certain cases, from leaving the jurisdiction. 65 C.J.S., Ne Exeat § 1 et seq.

 Although there are certain features of the bond now in question which are analogous to an appearance bond, it is apparent that there is sufficient distinction between the two to uphold the decree of the trial court in respect to the lack of Green's authority to sign Evans' and Geary's names to the bond here involved.

There is no room in this case for the application of the principles of estoppel, or the apparent authority of Green.

Affirmed.

BROWN, FOSTER and STAKELY, JJ., concur.