258 So.2d 897

Eva Mae **HALL**

v.

**William J. COSBY, Sr. and Gulf American
Land Corporation, a Corporation.**

**8 Div. 436.**

Supreme Court of Alabama.

March 2, 1972.

Griffin & Griffin, Huntsville, for appellant.

192

Wilson & Collier, Florence, for appellee William J. Cosby, Sr.

Cabaniss, Johnston, Gardner & Clark, and C. Henry Marston, Birmingham, for appellee Gulf American Land Corp.

MADDOX, Justice.

Appellant, Mrs. Eva Mae Hall, claims that her former husband induced her to give him a power of attorney while she was a patient at Bryce Hospital, and then used the power of attorney to transfer and assign to himself rights she had in Florida real property, all without her knowledge, consent and without any consideration. She sought to set aside and void the assignment of her interest in the Florida property.

The former husband defended on the ground that (1) he had specific authority to transfer the interest to himself and (2) the issue of the title to the Florida property was tried or should have been tried in the divorce proceeding he filed against her.

The facts are not seriously disputed. The testimony was taken orally before the court.

Eva Hall and William Cosby were married for 26 years. Eva had been committed to Bryce Hospital on three occasions and was hospitalized in Memphis, Tennessee on two occasions for an emotional illness. In March, 1967, she had come home from Bryce for a week before Easter. It

was during this time that her husband asked her to give him a power of attorney. The evidence is barely conflicting on the reason for the power. Eva claimed he wanted it for "filing income tax." William said he told her "that it was near time to sign tax forms and execute written documents."

On March 25, 1967, appellant signed the power of attorney at a local bank before a notary public and stated she knew what she was signing. It was a general power of attorney. She went back to Bryce the next day.

On October 13, 1967, appellant's former husband executed the assignments transferring her interest in the Florida property to him, without consideration. Five months later he filed for divorce on grounds of separation, and by amendment, he claimed his wife had "become addicted to habitual drunkenness." The divorce proceeding was very much contested. The trial judge granted the husband a divorce and entered orders with regard to personal and real property located in Lauderdale County. No disposition was made of the Florida property by the decree in the divorce proceeding. The only mention of the Florida property was in appellant's answer to the divorce proceeding. She admitted joint ownership of the property in Alabama, but also alleged:

". . . Also that Complainant and Respondent own property in the State of Florida, some being located at River Ranch Acres, and some at Cape Coral, Florida."

The record of the divorce proceeding, introduced as evidence in this cause, indicates that the appellant, on June 4, 1968, filed a motion in the divorce proceeding to have the submission set aside and to allow the appellant to introduce evidence concerning the Florida property. She alleged that she did not know until May 29, 1968 that her husband had used the power of attorney to transfer her interest in the property to him. The trial judge set the motion down for a hearing for a date certain, but the record shows *no ruling* was ever made concerning the motion and the *final decree* of the court makes no mention of the Florida property. The husband's contention that the issue was adjudicated in the divorce case, based upon an examination of the record before us, is without merit.

The husband's defense of res judicata is, therefore, unavailing. There was no duty on respondent to open up the suit and expand the issues so as to seek judicial approval of actions with respect to which no breach of law or duty or contract was alleged in the bill of complaint in the divorce action. The rule under such situation is that in order to sustain a plea of res judicata or estoppel by judgment, the parties must be the same, the subject matter the same, the point must be directly in question, and the judgment must be rendered on that point. Bass v. Sanders, 282 Ala. 546, 213 So.2d 391 (1968).

There is *no* evidence of any kind in this record that the question of the *transfer* of the Florida property was adjudicated in the divorce proceeding. The only evidence in this record that the Florida property was in any way involved in the divorce case is the statement in the wife's answer to the divorce proceeding which we have set out above and the motion filed by the wife requesting that the submission be set aside in order to allow her to present evidence on the very issue made the basis of this action. The appellee did testify in this action that the Florida property "was discussed extensively" in the divorce suit and that Judge Robert Hill, who tried the divorce case, had told his ex-wife that "he had considered every aspect of this case in rendering a decree and he felt like he had rendered her justice."

The final decree and a supplemental decree issued by Judge Hill deal specifically with real and personal property located in Lauderdale County, but nothing is men-

tioned in the decree, either generally or specifically, about the Florida property.

The decree appealed from here is general in nature, simply denying complainant's prayer for relief, and we cannot tell whether the trial judge thought the defense of res judicata was applicable or whether his decision was based on appellant's failure to prove her claim. Having determined the defense of res judicata unavailing, we now consider whether the trial court could find from the evidence that the appellant authorized her ex-husband to transfer her interests in the Florida property to himself.

 It is the established rule that powers of attorneys will be given strict construction, restricting the power to those expressly granted, and such incidental powers as are essential to carry into effect the expressed power. To authorize a conveyance of real estate, a power of attorney must be plain in its terms. Where such power is specifically conferred, it does not authorize a conveyance by the donee to himself, unless such power is expressly granted. It will not be implied. Dillard v. Gill, 231 Ala. 662, 166 So. 430 (1936).

No express power was here granted. The transfers made by the husband to himself were not within the scope of the power granted to him. If the wife had intended to give the husband the authority to transfer her interests in the Florida property to himself, she could have executed such instrument of transfer herself.

Furthermore, it is still the law of this state that for the common security of womankind that gifts procured by husbands, and purchases made by them, from their wives, should be scrutinized with a close and vigilant suspicion, and that the court, upon the appearance of the slightest circumstance of suspicion, should require of the husband satisfactory proof that the transaction resulted from the "pure, voluntary and well-understood" act of the mind of the donor. Ray v. Ray, 238 Ala. 269,

189 So. 895 (1939). The transaction here cannot hold up under such scrutiny.

The judgment is due to be reversed and remanded for proceedings not inconsistent with this opinion.

Reversed and remanded.

HEFLIN, C. J., and LAWSON, MERRILL and HARWOOD, JJ., concur.