The issue in this case is the validity of a deed executed by Rita D. Lamb, the donee of a durable power of attorney, to herself and her sister, Judy C. Heliste.
Timothy D. Scott sued Lamb and Heliste, asking that the deed executed by Rita Lamb to Rita Lamb and Judy Heliste be set aside and held for naught. The complaint also asked that the property described in that deed be sold for a division of the proceeds among joint owners. (Scott claimed to be a joint owner.) Scott moved for a summary judgment. The trial court granted Scott's motion and declared the deed void. Lamb and Heliste appeal.
Dollie Scott executed a durable power of attorney to her daughter, Rita Lamb. Almost a year later, Dollie executed a will leaving all her property, including a farm located in Etowah County, to her two daughters, Rita Lamb and Judy Heliste, and her stepson, Timothy Scott, the three to share equally. About a month after Dollie executed the will, she suffered a stroke and became incapacitated; a month after Dollie suffered the stroke, Rita, as attorney in fact for Dollie, deeded Dollie's farm to herself and her sister, Judy Heliste, with right of survivorship. Dollie subsequently died.
The first issue is whether the deed executed by Rita Lamb, as attorney in fact for Dollie Scott, is valid as to Rita. Our case law is clear that powers of attorney will be construed strictly, restricting the powers to those expressly granted.Sevigny v. New South Federal Savings Loan Ass'n,586 So.2d 884, 886-87 (Ala. 1991). Because Lamb's power of attorney did not specifically state that Lamb could convey land to herself, she was without the power to do so. Hall v. Cosby, 288 Ala. 191,193, 258 So.2d 897, 899 (1972). *Page 974 
Lamb and Heliste argue that Ala. Code 1975, § 26-1-2, supersedes the case law regarding durable powers of attorney. We disagree. Lamb and Heliste specifically refer to § 26-1-2(b) as the subsection that supersedes our case law. That section provides:
 "(b) All acts done by an attorney in fact pursuant to a durable power of attorney during any period of disability, incompetency or incapacity of the principal have the same effect and inure to the benefit of and bind the principal and his successors in interest as if the principal were competent, not disabled and not incapacitated."
That subsection merely provides that the incapacity of the donor of a durable power of attorney does not change the effect of actions of the donee taken in conformity with the authority conferred by the power of attorney. It does not supersede the common law rules for determining the authority conferred by a power of attorney. Because the common law rule that a power of attorney grants only those powers expressly conferred remains unchanged, the trial court correctly held that the deed was void as to Lamb.
The second issue is the effect of the deed as to Heliste. It is obvious from Dollie's will, executed after she had executed the power of attorney, that Dollie's intention was to leave all her property to her two daughters and her stepson equally. If she had intended to invest Lamb and Heliste with title to the property, she would have executed the conveyance herself at the time she executed the power of attorney; she was competent to do so. Instead, when she subsequently made her will, Dollie clearly expressed her intent that the farm should go to Lamb, Heliste, and Scott, to share equally. Therefore, Lamb was also without the power to deed Dollie's farm to Heliste. See,Dillard v. Gill, 231 Ala. 662, 665, 166 So. 430, 433 (1936).
In Dillard v. Gill, Mrs. Dillard executed a power of attorney in favor of her husband. Thereafter, Mr. Dillard executed a deed to himself. In affirming the trial court's ruling that voided the deed, we noted 1) that because the power of attorney did not expressly grant Mr. Dillard the authority to execute a deed to himself, he did not have the power to do so, and 2) that Mrs. Dillard's intent was obviously to retain the property, because, had she intended to give him the property, she could have executed the deed herself at the time she executed the power of attorney. Dillard v. Gill,231 Ala. at 665, 166 So. at 433.
Lamb and Heliste argue that the issue of the validity of the deed as to Heliste cannot be properly disposed of on a motion for summary judgment, because, they say, Dollie's intent is a genuine issue of material fact. However, Dollie's intention was clearly expressed almost exactly a year after she executed the power of attorney, when she executed her will leaving all her property to Lamb, Heliste, and Scott, equally. Because Dollie's intent was to leave her property to Lamb, Heliste, and Scott, equally, Lamb was without the power to deed the property to Heliste. Dillard v. Gill, 231 Ala. at 665, 166 So. at 433. One who accepts a power of attorney covenants to use the power for the sole benefit of the one conferring the power and to use it in a manner consistent with the purposes of the agency relationship created by the power of attorney. Sevigny v. NewSouth Federal Savings Loan Ass'n, 586 So.2d at 886.
For the foregoing reasons, we affirm the judgment of the trial court.
AFFIRMED.
HORNSBY, C.J., and MADDOX, STEAGALL and INGRAM, JJ., concur.