YATES, Judge.
Larry Wayne Stillwell appeals from a summary judgment entered for Columbus Bank & Trust Company of Russell County in an action to recover $1,000,000 in damages for breach of contract, negligence, conversion, and violation of a fiduciary relationship. Specifically, Stillwell contends that Columbus Bank wrongfully converted and negligently paid to his mother the principal amount of his certificate of deposit (“C.D.”). Stillwell proceeded pro se through the entry of the summary judgment; he then appealed to the Supreme Court, which transferred his appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
The judgment in this case was proper if there was no genuine issue of material fact and Columbus Bank was entitled to a judgment as a matter of law. Rule 56, Ala.R.Civ.P. The burden was on Columbus Bank to make a prima facie showing that no genuine issue of material fact existed and that it was entitled to a judgment as a matter of law. If it made such a showing, then the burden shifted to Stillwell to present evidence creating a genuine issue of material fact, so as to avoid the entry of a judgment against him. In determining whether there was a genuine issue of material fact, we view the evidence in the light most favorable to Stillwell and resolve all reasonable doubts against Columbus Bank. Because this case was not pending on June 11, 1987, the “substantial evidence” rule is applicable. § 12-21-12, Ala.Code 1975. Mixon v. Houston County, 598 So.2d 1317 (Ala.1992).
The evidence, viewed in the light most favorable to Stillwell, shows the following: On March 11, 1993, Stillwell and his mother opened two accounts containing his mother’s life savings of $77,715.26 at Columbus Bank. One account was an interest-paying money market account, into which $10,000 was deposited; the balance of her savings, $67,715.26, was used to purchase a C.D. This C.D. was identified by certificate number 215654. For estate planning purposes, both accounts were opened in Still- *434 well’s name only. In order to ensure that his mother could access the money any time that she needed it, Stillwell had a friend prepare a power of attorney for both accounts.
In December 1993, when the $67,715.26 C.D. matured, Stillwell took $25,000 and, with his mother’s consent, invested it in a mutual fund and deposited $42,782.05 into another C.D., identified by certificate number 216901. On July 15, 1994, Stillwell and his mother had a disagreement, and she told him to get the money out of Columbus Bank for her. Stillwell misrepresented to his mother that he had spent the money. On July 19, 1994, Stillwell went to Columbus Bank and discovered that his mother had closed both the interest-paying money market account and the C.D., identified by certificate number 216901, using the two powers of attorney that Stillwell had had prepared.
Stillwell contends that Columbus Bank improperly allowed his mother to close out the $42,782.05 C.D. because, he argues, the power of attorney was valid for only 270 days; the number given the $42,782.05 C.D. was different from the number given the $67,-715.26 C.D.; and the number of the $42,-782.05 C.D. did not appear on the power of attorney.
Columbus Bank contends that it acted in keeping with the terms and conditions set out in the power of attorney when it delivered the funds to Stillwell’s mother. After reviewing the record, we disagree.
The power of attorney provided, in pertinent part:
“I ... appoint Mary Stillwell, my true and lawful attorney for me and in my name, place and stead, to demand,- have, receive, collect and hold any and all monies deposited in the C.B. & T. Bank of Russell County under a nine month money market account represented by a certificate number 215654 dated March 11, 1993 in the principal amount of ... ($67,715.26) belonging to me and to deal generally with said bank in all respects without restriction in and with any money or balance thereof, on the above cited certificate of deposit ... to do and [perform] all and every act and thing whatsoever requisite and necessary to be done with regard to the above cited bank funds represented by the certificate of deposit ... ratifying and confirming all that my said attorney may do with and in regards to the said bank certificate numbered 21565⅛ representing the principal sum of $67,715.26 ... for a term of ... (270) days and, unless renewed, maturing on December 6,1993.”
(Emphasis added.)
“It is a well established rule that powers of attorney are to be strictly construed, limiting the grant of authority of the agent to powers expressly granted, and those which are impliedly granted to effectuate the purpose of the express powers.” Thompson v. Evans, 256 Ala. 379, 380, 54 So.2d 775, 776 (1951). See also, Sevigny v. New South Federal Savings & Loan Ass’n, 586 So.2d 884 (Ala.1991). It is clear from the language contained in the power of attorney that Still-well’s mother was expressly granted the power to “demand, have, receive, collect and hold” monies on deposit in the Columbus Bank represented by certificate number 215654 in the principal amount of $67,715.26. The power of attorney contains no express grant of authority to Stillwell’s mother with regard to the C.D. represented by certificate number 216901 in the principal amount of $42,782.05.
Stillwell presented substantial evidence to rebut Columbus Bank’s showing that it had complied with the terms of the power of attorney; therefore, the summary judgment was improper. Rule 56(e), Ala.R.Civ.P.
REVERSED AND REMANDED.
ROBERTSON, P. J., and MONROE and CRAWLEY, JJ., concur.
THIGPEN, J., dissents.