YATES, Judge.
Phyllis Olanrewaju sued World Wide Bonding Company, Inc. (“World Wide”), and Lucious Trimble, Jr., individually and d/b/a World Wide Bonding Company, Inc., on February 9, 1994, alleging fraud. Trimble is the president and sole stockholder of World Wide. Olanrewaju later amended her complaint to add Bankers Insurance Company (“Bankers”) as a defendant, alleging that, at the time the alleged fraudulent misrepresentations were made to her, an agency relationship existed between Bankers and World Wide and Trimble. Bankers moved for a summary judgment; the trial court granted the motion and entered an order on October 27, 1995, making the judgment final, pursuant to Rule 54(b), Ala. R. Civ. P. Olanrewaju appealed; World Wide and Trimble are not parties to the appeal. The appeal was transferred to this court by the supreme court, pursuant to § 12-2-7(6), Ala.Code 1975.
In April 1993, Olanrewaju contracted with World Wide, Trimble, and Douglas Howard, an employee of World Wide, to purchase an appearance bond so that she could obtain the release of her husband from jail. Olanrewa-ju alleges in her complaint that World Wide and Trimble were aware that the United States Immigration and Naturalization Service (“INS”) had a “hold” on her husband; that they represented to her that they would be able to issue a bond to secure her husband’s release regardless of the INS “hold”; and that they represented that in the event they were unable to obtain his release they would refund the $4,000 she had contracted to pay for the bond. Thereafter, World Wide and Trimble were unable to obtain the release of Olanrewaju’s husband from jail, because of the INS “hold.” World Wide and Trimble refused to refund Olanrewaju’s money after she made a demand for it.
The trial court held that World Wide and Trimble were not acting as agents of Bankers in issuing the bond because Bankers did not have the requisite right of control over World Wide and Trimble to establish an agency relationship. It also held that there was no evidence that Bankers had participated in making any alleged misrepresentations to Olanrewaju. Olanrewaju raises several issues; we find one to be dispositive.
We first note that in reviewing the disposition of a motion for summary judgment, we use the same standard the trial court used in determining whether the evidence before it presented a genuine issue of material fact and whether the movant was entitled to a judgment as a matter of law. Bussey v. John Deere Co., 531 So.2d 860, 862 (Ala.1988); Rule 56(c), Ala. R. Civ. P. When the movant makes a prima facie showing that there is no genuine issue of material fact, the *822 burden shifts to the nonmovant to present substantial evidence creating such an issue. Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). Evidence is “substantial” if it is of “such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v, Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala. 1989). This court must review the record in the light most favorable to the nonmovant and must resolve all reasonable doubts against the movant. Hanners v. Balfour Guthrie, Inc., 564 So.2d 412, 413 (Ala.1990).
Olanrewaju contends that the court erred in entering the judgment in favor of Bankers because, she says, World Wide, Trimble, and Howard were the appointed attomeys-in-fact of Bankers, pursuant to a general power of attorney, for the sale of bail bonds. The entry of a summary judgment on the issue of agency is generally inappropriate because the issue is usually a question of fact to be determined by the trier of fact; however, agency may not be presumed. Wood v. Shell Oil Co., 495 So.2d 1034 (Ala. 1986). “A power of attorney is defined as ‘[a]n instrument in writing whereby one person, as principal, appoints another as his agent and confers authority to perform certain specified acts or kinds of acts on behalf of [the] principal. An instrument authorizing another to act as one’s agent.... The agent is attorney in fact....’” Sevigny v. New South Federal Savings & Loan Ass’n, 586 So.2d 884, 886 (Ala.1991), quoting Black’s Law Dictionary 1171 (6th ed.1990). “[W]hen one accepts [a] power of attorney, she impliedly covenants to use the powers bestowed upon her for the sole benefit of the one conferring that power ..., consistent with the purposes of the agency relationship represented by the power of attorney.” Sevigny, at 886 (emphasis added). See also Lamb v. Scott, 643 So.2d 972 (Ala.1994).
Further, under the Alabama Bail Reform Act of 1993, § 15-13-100, Ala.Code 1975, a professional surety company is prohibited from executing or becoming a surety on an appearance bond in this state, unless it has an order from the circuit court in the county in which it desires to execute appearance bonds, granting the surety company authorization to execute such bonds. § 15-13-159, Ala.Code 1975. To obtain authorization, the surety company must submit to the circuit court an original qualifying power-of-attorney naming the agents that may execute the bonds. Section 15-13-159, Ala.Code 1975, provides, in part:
“No professional surety company shall execute or become surety on any appearance bond in this state, unless it has an order granting authorization to become professional surety on any baft.... Prior to the judge’s issuance of the original order and no later than December 1 of each year, thereafter, professional surety companies shall submit annually to the presiding circuit judge the following:
[[Image here]]
“(2) An original qualifying power of attorney issued by the professional surety company, specifying any applicable limitations and the names of the agents that may execute and bind the company to a bail undertaking. The qualifying power of attorney shall not name any company, corporation, or other entity as an agent except a person as defined as a professional bondsman in Division 1, Section 15-13-100 of this chapter, and that person shall be an agent of the company licensed with the Department of Insurance.”
(Emphasis added.) Section 15-13-101(4), Ala.Code 1975, defines “professional bondsman” as: “An individual person or agent employed by a professional surety company or professional bail company to solicit and execute appearance bonds or actively seek bail bond business for or on behalf of a professional surety company or a professional bail company.”
The evidence indicates that Bankers was authorized to execute and become a surety on appearance bonds in Montgomery County, Alabama. Both Trimble and Howard were appointed Bankers’ attomeys-in-fact for the purpose of executing bail bonds. Bankers does not dispute this fact in its brief. The bail bond executed in this case was signed by Howard, who, as an employee of World Wide, had the authority to execute such a bond.
*823 The power of attorney that was attached to the bond was executed in favor of Howard. We conclude that Olanrewaju presented substantial evidence that an agency relationship existed between World Wide, Trimble, and Bankers; therefore, the court erred in entering the summary judgment in favor of Bankers. The judgment is reversed, and the case is remanded for further proceedings.
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
ROBERTSON, P.J., and THIGPEN, MONROE, and CRAWLEY, JJ., concur.