Carol P. Simms, individually; and Faye P. Bozeman, individually, and as administratrix of the estate of Frances C. McCullough, deceased (hereinafter collectively referred to as Simms), filed a two-count complaint and a motion for a preliminary injunction against Julia M. Lisenby.
Simms alleged that Lisenby "has taken and will continue to take steps to secretly obtain, retain, dispose of, conceal, and otherwise exercise control over property, both real and personal, belonging to the estate of Frances C. McCullough, deceased, and/or belonging to [Simms] as heirs at law of the said Frances C. McCullough, deceased."
The trial court held a hearing on May 1, 1996. On May 9, 1996, the trial court issued a preliminary injunction against Lisenby. Thereafter, on June 4, 1996, the preliminary injunction was made final. On June 18, 1996, the trial court issued an order, certifying that the June 4, 1996, order was appealable, pursuant to Rule 54(b), Ala.R.Civ.P.
Lisenby appeals. This case is before this court pursuant to Ala. Code 1975, § 12-2-7(6).
Our review of the record reveals the following pertinent facts: Lisenby is a half-sister to Simms and Bozeman. Lisenby, Simms, and Bozeman are Frances C. McCullough's daughters. In December 1995 Lisenby separated from her husband and moved in with McCullough.
On February 3, 1996, McCullough suffered a stroke and was hospitalized. McCullough remained hospitalized until her death on February 14, 1996. McCullough died intestate.
On February 9, 1996, McCullough executed a general power of attorney, which Lisenby had prepared. This power of attorney appointed Lisenby as McCullough's attorney-in-fact or "agent." Lisenby testified that she prepared this power of attorney at her mother's request so that she could act on her mother's behalf.
We would note that this power of attorney does not contain any provision which expressly *Page 866 
allowed Lisenby to transfer any of McCullough's property, either real or personal, to herself. Additionally, we would note that Lisenby never told either Simms or Bozeman about the power of attorney because, as Lisenby testified, her mother requested that Lisenby not tell them.
On February 9, 1996, after obtaining the power of attorney from McCullough, Lisenby executed a warranty deed which conveyed McCullough's residence to McCullough and Lisenby, jointly with right of survivorship. On the same date Lisenby took McCullough's $81,000 certificate of deposit (CD) to the bank and signed her mother's name to the CD in order to cash the CD. Lisenby deposited $80,152.31, the balance of the CD after an early withdrawal penalty, into a joint savings account, which had previously been established in the names of McCullough and Lisenby.
Lisenby testified that she was merely complying with her mother's instructions when she executed the warranty deed and when she cashed the CD and deposited the balance into the joint savings account. Lisenby also testified that McCullough requested that Lisenby not tell either Simms or Bozeman about these transactions.
We would further note that after McCullough's death, Lisenby transferred the funds from the joint savings account into accounts bearing Lisenby's name only.
As previously noted, the trial court issued a preliminary injunction on May 9, 1996. The trial court's order stated the following, in pertinent part:
 "The power of attorney does not expressly authorize Lisenby to transfer McCullough's assets to herself. Therefore, at this time the Court finds that Lisenby lacked authority to execute the conveyance of McCullough's real property and she lacked authority to cash McCullough's certificate of deposit and transfer the funds into a joint savings account, which funds were ultimately transferred into an account in Lisenby's name after McCullough's death. Lamb v. Scott, 643 So.2d 972 (Ala. 1994).
". . . .
 "Lisenby is unemployed and, for all that appears, she has no income and she has no assets. She is utilizing the transferred funds for living expenses, and if they are dissipated, there are no other funds from which [Simms] could collect any judgment that may be rendered in an action at law. Under these circumstances, the Court holds that an action at law for money damages would not provide an adequate remedy, and that [Simms] will suffer immediate and irreparable injury if the preliminary injunction does not issue."
The trial court issued a preliminary injunction and directed Lisenby to provide an accounting of all of McCullough's funds to Bozeman in her capacity as administratrix of McCullough's estate. Lisenby filed an accounting, pursuant to the court's order, which revealed that there was a remaining balance of $69,107.21.
In its June 4, 1996, order, which made the preliminary injunction final, the trial court directed Lisenby to deliver $69,107.21 to Bozeman in her capacity as administratrix of McCullough's estate. In its June 18, 1996, order, the trial court stayed the permanent injunction conditioned upon Lisenby's depositing the sum of $69,107.21 with the court, to be placed in an interest-bearing account.
On appeal, Lisenby states that she does not challenge the trial court's ruling regarding the conveyance of McCullough's real property. However, Lisenby does challenge the trial court's ruling regarding the conveyance of McCullough's CD, which is personal property.
Lisenby contends that the trial court's reliance onLamb, 643 So.2d 972, is misplaced, because, she says, "the law represented by Lamb does not and should not apply to the personal property represented by the CD." Lisenby also contends that the trial court committed reversible error when it did not make a distinction between Lisenby's authorization regarding the real property and the CD.
We must agree that while Lamb dealt with the conveyance of real property, pursuant to a power of attorney, we would note that *Page 867 Lamb cited Dillard v. Gill, 231 Ala. 662, 166 So. 430 (1936).
In Dillard, a husband, acting pursuant to a power of attorney, conveyed to himself all of his wife's real property and practically all of her personal property. The wife died shortly thereafter. One of the distributees of the wife's estate filed suit against the husband, requesting that the trial court set aside and cancel these conveyances of real property and transfers of personal property. The trial court canceled the conveyances and transfers and required the husband, as administrator, to account for the property as assets of the wife's estate. Our supreme court stated the following in Dillard, 231 Ala. at 665, 166 So. at 433:
 "It is the established rule that powers of attorneys will be given strict construction, restricting the powers to those expressly granted, and such incidental powers as are essential to carry into effect the expressed powers.
 "To authorize a conveyance of real estate, a power of attorney must be plain in its terms. Where such power is specifically conferred, it does not authorize a conveyance by the donee to himself, unless such power is expressly granted. It will not be implied.
 "The conclusion, therefore, is inescapable that the conveyances and transfers attacked by the bill were not within the scope of the power granted by Mrs. Dillard to her husband. If she had intended to invest him with the title to the property, she no doubt would have executed such conveyances herself, at the time she executed the power of attorney. If it had been her purpose to give it to him at her death and deprive her heirs of the right to participate in her estate, she could have accomplished this purpose by executing a will, which she was competent to do, so far as appears, at the time the power of attorney was signed. The clear intent of the donor of the power manifested by the execution of the power of attorney was to retain the title and authorize the donee of the power to act for her and protect and preserve such interest."
(Citations omitted.) Thus, it is clear that our supreme court has determined that conveyances of real property and transfers of personal property by the donee to himself are not authorized under a power of attorney unless such powers are expressly granted.
In Sevigny v. New South Fed. Sav. Loan Ass'n,586 So.2d 884, 886 (Ala. 1991), our supreme court stated, "[W]hen one accepts the power of attorney, she impliedly covenants to use the powers bestowed upon her for the sole benefit of the one conferring that power on her, consistent with the purposes of the agency relationship represented by the power of attorney." Our supreme court further stated, "An agent is not permitted to occupy a position that would allow her to profit as a result of that agency relationship." Sevigny, 586 So.2d at 887.
We would note that this court is bound by the decisions of our supreme court. Ala. Code 1975, § 12-3-16. Consequently, in light of our supreme court's decisions in the above-cited cases, the trial court correctly determined that Lisenby lacked the authority to cash McCullough's certificate of deposit and to transfer the funds into a joint savings account and, ultimately, into accounts bearing Lisenby's name only.
In a second issue, Lisenby contends that the trial court committed reversible error when it issued the permanent injunction requiring Lisenby to turn over the balance of the proceeds of the CD. Lisenby argues that Simms was "able to obtain a money judgment and seizure of Mrs. Lisenby's assets before a jury ever determined if [Simms was] even entitled to a money judgment and, if so, the amount." Lisenby, relying uponTeleprompter of Mobile, Inc. v. Bayou Cable TV, 428 So.2d 17
(Ala. 1983), also argues that "[i]njunctive relief should not be issued where plaintiffs have an adequate remedy at law."
It is well settled that "the issuance of injunctive relief is a matter left to the sound discretion of the trial court," particularly when "the evidence was presented only to the trial court and not to a jury," and that a party challenging the trial court's actions "must show that the trial court committed *Page 868 
plain and palpable error to warrant a reversal." Alabama PowerCo. v. Drummond, 559 So.2d 158, 161 (Ala. 1990).
In the present case, Simms requested that the trial court issue an order, declaring that Lisenby's actions concerning the CD were null and void and requiring Lisenby to pay the proceeds from the CD to McCullough's estate. Simms was not attempting to seize Lisenby's assets, but to preserve and secure a return of the assets of McCullough's estate.
Additionally, we would note that at the May 1, 1996, hearing, Lisenby would not voluntarily agree to refrain from further disposing of the proceeds of the CD pending the outcome of the lawsuit. Consequently, we find that the trial court did not commit reversible error when it required Lisenby to pay the balance of the proceeds into court pending the outcome of this case.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of Ala. Code 1975, § 12-18-10(e).
AFFIRMED.
All the Judges concur.