YATES, Judge,
concurring specially.
I agree that the judgment in favor of L.C. Properties, Inc., must be reversed. In Miller v. Jackson Hospital & Clinic, 776 So.2d 122 (Ala.2000), the hospital challenged the uncle’s authority to file an action on behalf of his nephew. Although the uncle had power of attorney, he did not have the legal authority to bring the lawsuit on behalf of his nephew. Some documents providing for power of attorney do provide for the authority to bring a lawsuit; however, the one in Miller did not. The supreme court held that the nephew could be substituted as the real party in interest, pursuant to Rule 17, Ala. R. Civ. P., even though the limitations period had run. The complaint in Miller adequately identified the parties, and there was no evidence indicating that the error in naming the uncle as plaintiff was deliberate. Moreover, there was a jural relationship between the uncle and the nephew, based on the power of attorney. In order to avoid injustice, the supreme court reversed the trial court’s judgment dismissing the uncle’s complaint.
In the present case, nothing in the complaint or elsewhere in the record identifies Frank Potts and Leon Oberhaus as partners in L.C. Properties. Also, nothing in the record indicates that L.C. Properties had an interest in the lease with McCurdy. I agree that State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999), is dispositive of the issue of standing in this case.