986 So.2d 1166 (2007)
James EHL and Vincent Pharmacy, Inc.
v.
Mary DiCHIARA, as personal representative of Margaret Dickson.
1051371.
Supreme Court of Alabama.
December 21, 2007.
C. William Gladden and Benjamin S. Goldman of Hand Arendall, L.L.C., Birmingham, for appellants.
Kirby D. Farris of Farris, Riley & Pitt, L.L.P., Birmigham, for appellee.
PER CURIAM.
PERMISSION TO APPEAL WITHDRAWN; REMANDED.
COBB, C.J., and SEE, LYONS, WOODALL, STUART, SMITH, PARKER, and MURDOCK, JJ., concur.
BOLIN, J., dissents.
BOLIN, Justice (dissenting).
James Ehl and Vincent Pharmacy, Inc., appealed, pursuant to Rule 5, Ala. R.App. P., from an interlocutory order of the trial court granting the plaintiff's motion for leave to amend her complaint to substitute Mary DiChiara in place of Barbara Lacey as personal representative of Margaret Dickson. I believe that the amended complaint substituting DiChiara in place of Lacey does not relate back to the original complaint and that, therefore, the statute of limitations on the claims asserted in the complaint has expired. Accordingly, I dissent from the majority's withdrawal of the permission to appeal.
The trial court, pursuant to Rule 5(a), Ala. R.App. P., signed an order certifying the following controlling question of law:
"Under Alabama law, is the substitution of the plaintiff allowed (1) when the applicable statute of limitations expired prior to the request for substitution; (2) when the original plaintiff did not have standing to sue in her own name; and (3) when the original plaintiff did not have a valid jural relationship with the proposed plaintiff (i.e., was not her attorney-in-fact) at the time that suit was filed?"
Margaret Dickson has three daughters: Barbara Lacey, Mary DiChiara, and Sandra Keen. According to Lacey, at some time before August 20, 2001, Dickson executed a power of attorney naming Lacey as her attorney-in-fact. On August 20, 2001, Dickson executed a durable power of attorney naming DiChiara and Keen as her attorneys-in-fact; the document states that "all previous powers of attorney are revoked."[1] Lacey contends that she was *1167 never notified that her power of attorney had been revoked.
In October 2002, Dickson was a resident at Hildebrand Hidden Acres, a nursing home, when Vincent Pharmacy and its pharmacist on duty, James Ehl, "mis-filled" a medication prescribed for her. Dickson thus received a different medication than the medication her physician had prescribed, and, as a result of taking the incorrect medication, Dickson became hyperglycemic and had to be hospitalized.
On August 4, 2003, Lacey purported to file a complaint against Vincent Pharmacy and Ehl on behalf of Dickson, alleging negligence and wantonness. The complaint was styled "Barbara Lacey, as personal representative of Margaret Dickson," and the body of the complaint refers to Lacey as the personal representative of her mother, Margaret Dickson. Although Lacey was listed as Dickson's personal representative, the record reflects that Dickson was alive in 2003 when the complaint was filed and was living when the briefs on appeal were filed. The body of the complaint refers to Lacey and Dickson as the plaintiffs.
Lacey amended the complaint on November 5, 2003, and again on June 25, 2004. Both of these pleadings were styled "Barbara Lacey, as personal representative of Margaret Dickson," and the body of the complaint refers to Dickson and Lacey as the plaintiffs. Vincent Pharmacy and Ehl filed their answer, and included among their defenses was the defense that "this action is not properly maintained by Barbara Lacey as personal representative of Margaret Dickson." On April 23, 2004, Lacey filed a motion styled "Barbara Lacey, as administrator of the Estate of Margaret Dickson." On August 8, 2005, Lacey filed a motion for leave to amend, seeking to substitute as plaintiff "Margaret Dickson, by and through her attorney-in-fact, Mary DiChiara," in place of "Barbara Lacey, as personal representative of Margaret Dickson." In the motion, Lacey admits that Dickson lacks capacity to make decisions for herself. The complaint attached to the motion for leave to amend is styled "Margaret Dickson, by and through her attorney-in-fact, Mary DiChiara." However, the body of the complaint refers to Dickson as the plaintiff and further states that "the plaintiff, Barbara Lacey, is over the age of nineteen (19) years and a resident citizen of the State of Alabama, and the personal representative of her mother, Margaret Dickson." Nowhere in the body of the amended complaint is DiChiara mentioned, even though she would presumably be the plaintiff because Dickson lacks capacity and Lacey is not Dickson's personal representative.
Vincent Pharmacy and Ehl filed a response, objecting to the substitution on several grounds. Specifically, they argued that Rule 17(a), Ala. R. Civ. P., provides that certain classes of individuals"an executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute"may bring suit in their own names to redress the injuries of others; they noted that Lacey did not fall within any of these classes. They argued that Lacey's claimed power of attorney did not authorize her to file an action on Dickson's behalf because attorneys-in-fact are not one of the classes of persons in Rule 17 and because no statute expressly allows the commencement of an action by an attorney-in-fact. They also argued that Lacey failed to present a copy of the document allegedly naming her as Dickson's attorney-in-fact and that, under the best-evidence rule, Lacey's deposition testimony as to the existence of the power *1168 of attorney would not have been admissible.
On April 18, 2006, the trial court granted the motion to amend and ordered that the plaintiff be identified as "Mary DiChiara in place of Barbara Lacey as personal representative of Margaret Dickson." I note that it is undisputed that since 2002 Dickson has been unable to make decisions on her own behalf. I also note that nothing in the record indicates that there has been any petition for a protective proceeding initiated for the purpose of having a conservator appointed to manage, as a court-appointed fiduciary, Dickson's estate and affairs. See § 26-2A-130 et seq., Ala. Code 1975.
Vincent Pharmacy and Ehl contend that Lacey was not the injured party and, therefore, that she did not have authority to sue in her own name. They argue that she did not have legal capacity to sue on Dickson's behalf because she did not have a legal relationship with Dickson when she filed the complaint on August 4, 2003, a date subsequent to the revocation of the power of attorney, of which, they say, Lacey had notice. Thus, Vincent Pharmacy and Ehl contend that Lacey could not thereafter substitute the real party in interest under Rule 17, Ala. R. Civ. P.
DiChiara argues that Lacey had legal standing to sue on Dickson's behalf when she filed the complaint in August 2003 because Lacey had never received notice that her power of attorney had been terminated, and under Alabama law notice must be given in order to terminate a power of attorney. She further argues that because Lacey believed she had a legal relationship with Dickson, it was proper for the trial court to allow substitution under Rule 17(a), Ala. R. Civ. P., and that that substitution of parties relates back for the purposes of the statute of limitations based on Miller v. Jackson Hospital, 776 So.2d 122 (Ala.2000).
Rule 17(a), Ala. R. Civ. P., provides:
"(a) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. An executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute may sue in that person's own name without joining the party for whose benefit the action is brought. No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."
In a plurality opinion in Miller v. Jackson Hospital, supra, this Court addressed whether an attorney-in-fact was a real party in interest under Rule 17, Ala. R. Civ. P., and, if not, whether the real party in interest could be substituted after the complaint had been filed. In Miller, the patient, on January 14, 1997, while hospitalized, suffered severe burns over a large portion of his body. On February 19, 1997, the patient executed a durable power of attorney in favor of his uncle. On January 11, 1999, the patient's uncle brought a medical-malpractice action against the hospital and several physicians. The uncle described himself in the caption as "Charles Miller, on behalf of Roy Lee Miller." The defendants filed a motion to dismiss on the basis that the uncle was not the real party in interest as required by Rule 17, Ala. R. Civ. P. On August 16, 1999, after the statute of limitations had *1169 expired, the uncle moved to amend the complaint by adding the patient as a named plaintiff. The trial court entered a summary judgment in favor of the defendants, concluding that the uncle did not have the authority to sue on behalf of the patient because the power of attorney did not specifically address the uncle's bringing a personal-injury tort action on behalf of the patient. The trial court also held that because the uncle was not the real party in interest the uncle did not have standing to file the action on behalf of the patient and, therefore, that the court never had jurisdiction over the case. Because the limitations period had run before the complaint was amended to add the patient as the plaintiff, the court held that there was no valid complaint to which the amendment could relate back.
The Miller Court disagreed with the trial court's conclusion that the power of attorney gave the uncle no power to bring a personal-injury action on behalf of the patient. The power of attorney in that case vested the uncle with the authority to "`institute, prosecute, defend, compromise, arbitrate and dispose of legal, equitable, or administrative hearings, actions, suits, attachments, arrests, distresses, or other proceedings, or otherwise engage in litigation in connection with any legal or equitable matters.'" 776 So.2d at 125. However, this Court held that the uncle, acting pursuant to the power of attorney, could not bring the action on the patient's behalf. Rule 17(a) provides that every action has to be brought in the name of the real party in interest except that "an executor, administrator, guardian, bailee, trustee of an express trust, a party with whom or in whose name a contract has been made for the benefit of another, or a party authorized by statute" may sue in his or her own name without joining the party for whose benefit the action is brought. The uncle's power of attorney did not place him in any of the classes of persons named in these exceptions, and no statute expressly allows the commencement of an action by an attorney-in-fact.
This Court in Miller went on to address whether the uncle's lack of status as a real party in interest was curable by amendment. The defendants had argued that because the uncle was not the real party in interest he never had standing to sue and, as a result, the jurisdiction of the court to adjudicate the patient's claim was never invoked. This Court held that the uncle, suing "on behalf of" the patient and holding a valid and immediately effective durable power of attorney, maintained a legal relationship with the real party in interest sufficient to invoke the court's jurisdiction to the extent necessary to allow Rule 17(a) to operate and allow the patient to be substituted as the real party in interest. "`"The substitution of such parties after the applicable statute of limitations may have run is not significant when the change is merely formal and in no way alters the known facts and issues on which the action is based. The courts have freely upheld the filing of an amended complaint under these circumstances."'" 776 So.2d at 127 (quoting Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 19 (2d Cir.1997), quoting in turn Staren v. American Nat'l Bank & Trust Co., 529 F.2d 1257, 1263 (7th Cir.1976)). We held that the complaint in Miller specifically named the patient alleged to have been injured as a result of the defendants' negligent acts, and no one presented evidence indicating that the uncle's filing the complaint in the wrong name had been deliberate.
I believe Miller is inapplicable here because the requested substitution is not "merely formal." Lacey did not attempt to sue on Dickson's behalf as her attorney-in-fact, even under the revoked power of *1170 attorney. She did not caption the complaint as Lacey's suing "on behalf of" Dickson. Instead, Lacey described herself as Dickson's "personal representative." Lacey admitted in her deposition that she had never been named Dickson's "personal representative" and that there were no proceedings pending to create an estate for Dickson. Nothing in the original complaint indicates that Lacey was attempting to sue on Dickson's behalf as her attorney-in-fact. Additionally, nothing in the two amended complaints filed by Lacey on November 5, 2003, and June 25, 2004, indicate that Lacey was attempting to sue on Dickson's behalf as her attorney-in-fact.
It is unclear from the record the exact date Dickson's prescription was "mis-filled" by Vincent Pharmacy and Ehl and Dickson ingested the incorrect medicine, although it appears that the statute of limitations ran sometime in October 2004. Lacey filed her motion to amend her complaint and substitute DiChiara as Dickson's "personal representative" on August 8, 2005. Although Rule 17(a) allows for substitution of the real party in interest, Lacey was not Dickson's personal representative when she filed the complaint; therefore, she had no legal relationship with Dickson. Furthermore, the trial court substituted DiChiara for Lacey as Dickson's personal representative when nothing in the record indicates that DiChiara has in fact been named as Dickson's personal representative. Indeed, from the record, it appears that Dickson is not deceased so as to necessitate the appointment of a personal representative for her estate.
In Alabama, a personal representative is a fiduciary appointed by a probate judge to manage the affairs of a deceased person. It includes an "executor, administrator, successor personal representative, special administrator, and persons who perform substantially the same function under the law governing their status." § 43-8-1(24), Ala.Code 1975. Lacey was not a personal representative, and questioning her ability to file an action in that capacity is not merely a matter of semantics. A personal representative, whether acting as an executor appointed pursuant to a decedent's will or as an administrator appointed by a probate court to administer the estate of a decedent dying intestate, is an office in and unto itself.
"The office of personal representative, that is, executor or administrator, is of extreme importance in Anglo-American law. This is not only because he had important rights and duties in connection with the settlement of his decedent's affairs, but also for the reason that the estate is not recognized as a legal entity. The representative is not regarded as an agent for the estate for, in legal contemplation, there is no such principal. He is regarded as the owner of the decedent's personal property though his ownership is not beneficial and will be terminated upon completion of the administration. He is also an officer of the court and as such vested with certain rights and burdened with certain duties. Though we often speak of claims against, or in favor of, the estate these expressions are apt to be misleading if taken too literally. The personal representative and not the estate is the one with whom the courts and third persons are concerned."
Thomas E. Atkinson, Handbook on the Law of Wills 576 (2d ed.1953) (footnote omitted) (emphasis added).
As Professor Atkinson stated, a personal representative holds an office and cannot be considered an agent for the decedent's estate, assuming that there is a decedent and a decedent's estate. It is an office Lacey never held and to which she was not *1171 entitled to appointment, simply because Dickson is alive. Yet she listed herself through a complaint twice amended as Dickson's personal representative and additionally in a motion as the administrator of Dickson's estate. As stated above, Lacey is not aided by Miller because she never attempted through her pleadings to establish a valid legal relationship between herself and Dickson within the real-party-in-interest-substitution provision of Rule 17(a), by having filed this action through a (revoked) power of attorney.
Although the parties address the issue of the efficacy of the substitution of DiChiara for Lacey based on whether Lacey's power of attorney was valid or had been revoked with notice to Lacey, the disposition of the this permissive appeal via a certified question from the trial court turns on whether Lacey had standing to commence the action and whether the complaint substituting DiChiara can relate back to the original complaint when the amended complaint substituting Dichiara for Lacey states that Dickson is a plaintiff even though by Lacey's own admission she is incompetent and DiChiara is not mentioned in the body of the amended complaint. Although the general rule is that a plaintiff need not aver capacity to sue or be sued, now that Lacey has admitted that Dickson lacked capacity when the complaint was filed, Dickson should not be referred to as a plaintiff.
Standing goes to the question of this Court's subject-matter jurisdiction. State v. Property at 2018 Rainbow Drive, 740 So.2d 1025 (Ala.1999). Because the parties cannot confer standing by waiver, we are not limited by the issues presented on appeal when subject-matter jurisdiction is at stake. See Etheridge v. State ex rel. Olson, 730 So.2d 1179, 1181 n. 3 (Ala.1999) ("This Court normally will not reverse a judgment on a point not argued by the parties. See Smith v. Equifax Services, Inc., 537 So.2d 463 (Ala.1988). However, lack of subject-matter jurisdiction may not be waived by the parties, and it is the duty of an appellate court to consider lack of subject-matter jurisdiction ex mero motu. Ex parte Smith, 438 So.2d 766 (Ala. 1983).").
Lacey had no standing to bring an action on Dickson's behalf because she had no legal relationship with her, and the trial court never acquired jurisdiction over Dickson's claims. Accordingly, DiChiara could not be substituted for Lacey "as [Dickson's] personal representative" after the statute of limitations had run. See State v. Property at 2018 Rainbow Drive, 740 So.2d at 1028 ("Because `[t]he lack of standing [is] a jurisdictional defect,' the defect `cannot be cured nunc pro tunc back to the date when the original complaint was filed.' Tyler House Apartments, Ltd. v. United States, 38 Fed.Cl. 1, 7 (Fed.Cl.1997). In other words, a pleading purporting to amend a complaint, which complaint was filed by a party without standing, cannot relate back to the filing of the original complaint, because there is nothing `back' to which to relate." (emphasis added)).[2]
NOTES
[1] The August 20, 2001, power of attorney provided that DiChiara and Keen could act jointly or separately as Dickson's attorneys-in-fact.
[2] Because Lacey filed the complaint as personal representative and did not have standing to do so, I have not addressed whether Lacey had a power of attorney that purported to give her authority to act on Dickson's behalf, because no document purporting to give Lacey power of attorney is in the record, nor do I address the effect of the revocation language in DiChiara's power of attorney on Lacey's power of attorney.